UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DARSHAN BADWAL and GURINDER BADWAL,

        PlaintiffS,

  v.                            CIV. NO. S-05-0843 WBS JFM

HARJIT SINGH GILL, individually and in his capacity as CEO of AMS HOMECARE USA, INC; RANI KULVINGER GILL, individually and in her capacity as President and General Manager of AMS HOMECARE, INC. and as President and General Manager of AMS HOMECARE USA, INC; BALBIR SENGHERA, individually, AMS HOMECARE, INC, a Canadian Entity; AMS HOMECARE USA, INC, a Delaware Corporation,

        Defendants.

----oo0oo----

STATUS (PRETRIAL SCHEDULING) ORDER

After reviewing the parties' Joint Status Report, the court hereby vacates the Status (Pretrial Scheduling) Conference scheduled for September 26, 2005, and makes the following findings and orders without needing to consult with the parties any further:

I. <u>SERVICE OF PROCESS</u>

All named defendants have been served and no further service is permitted without leave of court, good cause having been shown under Fed. R. Civ. P. 16(b).

II. <u>JOINDER OF PARTIES/AMENDMENTS</u>

No further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown under Fed. R. Civ. P. 16(b). <u>See</u> <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604 (9th Cir. 1992).

III. <u>JURISDICTION/VENUE</u>

Jurisdiction is predicated upon 28 U.S.C. § 1332(a)(1) (diversity). Venue is undisputed and is hereby found to be proper.

IV. <u>VOLUNTARY DISPUTE RESOLUTION PROGRAM</u>

Plaintiff has stated that he would be willing to attend mediation. Defendants state they remain willing to settle this case. Accordingly, this matter will be referred to the court's Voluntary Dispute Resolution Program ("VDRP"). If the case is not settled through the VDRP, a Settlement Conference will be set at the time of the Pretrial Conference.

V. <u>DISCOVERY</u>

The parties have stipulated that each party will serve initial disclosures required by Fed. R. Civ. P. 26 (a)(1) by no later than October 10, 2005.

All discovery, including depositions for preservation of testimony, is left open, save and except that it shall be so conducted as to be <u>completed</u> by April 10, 2006. The word "completed" means that all discovery shall have been conducted

1  so that all depositions have been taken and any disputes
2  relevant to discovery shall have been resolved by appropriate
3  order if necessary and, where discovery has been ordered, the
4  order has been obeyed.  All motions to compel discovery must be
5  noticed on the magistrate judge's calendar in accordance with
6  the local rules of this court and so that such motions may be
7  heard (and any resulting orders obeyed) not later than April 10,
8  2006.
9           VI.    MOTION HEARING SCHEDULE
10              All motions, except motions for continuances,
11 temporary restraining orders or other emergency applications,
12 shall be filed on or before May 10, 2006.  All motions shall be
13 noticed for the next available hearing date.  Counsel are
14 cautioned to refer to the local rules regarding the requirements
15 for noticing and opposing such motions on the court's regularly
16 scheduled law and motion calendar.
17          VII.   FINAL PRETRIAL CONFERENCE
18              The Final Pretrial Conference is set for July 17, 2006
19 at 10:00 a.m.  The conference shall be attended by at least one
20 of the attorneys who will conduct the trial for each of the
21 parties and by any unrepresented parties.
22              Counsel for all parties are to be fully prepared for
23 trial at the time of the Pretrial Conference, with no matters
24 remaining to be accomplished except production of witnesses for
25 oral testimony.  Counsel shall file separate pretrial
26 statements, and are referred to Local Rules 16-281 and 16-282
27 relating to the contents of and time for filing those
28 statements.  In addition to those subjects listed in Local Rule

1  16-281(b), the parties are to provide the court with: (1) a
2  plain, concise statement which identifies every non-discovery
3  motion which has been made to the court, and its resolution; (2)
4  a list of the remaining claims as against each defendant; and
5  (3) the estimated number of trial days.
6        In providing the plain, concise statements of
7  undisputed facts and disputed factual issues contemplated by
8  Local Rule 16-281(b)(3)-(4), the parties shall emphasize the
9  claims that remain at issue, and any remaining affirmatively
10 pled defenses thereto.  If the case is to be tried to a jury,
11 the parties shall also prepare a succinct statement of the case,
12 which is appropriate for the court to read to the jury.
13        VIII.  TRIAL SETTING
14        The trial is set for September 19, 2006, at 9:00 a.m.
15 in Courtroom No. 5.
16        IX.  SETTLEMENT CONFERENCE
17        If necessary, a Settlement Conference will be set at
18 the time of the Pretrial Conference.
19        Counsel are instructed to have a principal with full
20 settlement authority present at the Settlement Conference or to
21 be fully authorized to settle the matter on any terms.  At least
22 seven calendar days before the Settlement Conference counsel for
23 each party shall submit a confidential Settlement Conference
24 Statement for review by the settlement judge.  If the settlement
25 judge is not the trial judge, the Settlement Conference
26 Statements shall not be filed and will not otherwise be
27 disclosed to the trial judge.
28 ///

X.   MODIFICATIONS TO SCHEDULING ORDER

Any requests to modify the dates or terms of this Scheduling Order, except requests to change the dates of the Final Pretrial Conference or trial, may be heard and decided by the assigned Magistrate Judge. All requests to change the dates of the Pretrial Conference and/or trial shall be heard and decided only by the undersigned judge.

DATED: September 20, 2005.

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE